UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN CRAIG,                              )
                                          )
             Plaintiff,                   )
                                          )        CIVIL ACTION NO.
VS.                                       )
                                          )        3:19-CV-0058-G
GACP II, L.P.,                            )
                                          )
             Defendant.                   )

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff Kevin Craig ("Craig")'s motion to amend final

judgment.  *See* Plaintiff Kevin Craig's Motion to Amend Final Judgment ("Motion to

Amend Final Judgment") (docket entry 133).  For the reasons stated below, the

motion is granted in part and denied in part.

I.  BACKGROUND

On January 8, 2019, Craig initiated this action by filing a complaint in the

United States District Court for the Northern District of Texas against the defendant

GACP II, L.P. ("GACP II").  *See* Plaintiff's Complaint (docket entry 1).[1]  In his

---

[1]      Craig filed his complaint against GACP II and another defendant, B.
                                                            (continued...)

complaint, Craig alleged breach of contract and *quantum meruit* causes of action.  See *id*. at 12-15.  Craig prayed for, among other things, "[a]ctual damages" and "[p]re-judgment and [p]ost-judgment interest at the maximum amount allowed by law."  *Id*. at 16.

On October 26, 2021, this case went to trial before a jury.  *See* Final Judgment (docket entry 130).  The jury then returned a verdict on November 1, 2021.  *See* Jury Verdict (docket entry 129).  Based on the jury's verdict and findings, the court rendered final judgment in favor of Craig on his *quantum meruit* claim on November 1, 2021.  *See* Final Judgment at 2.  In its final judgment, the court wrote that, "[p]ursuant to the jury's allocation of responsibility, Craig shall recover $335,000 from GACP II, with interest at the legal rate, and all costs of court, for which execution may issue if not timely paid."  *Id*.

On November 28, 2021, Craig filed his motion to amend final judgment.  *See* Motion to Amend Final Judgment.  GACP II then filed its response to Craig's motion to amend final judgment on December 17, 2021.  *See* Response to Plaintiff's Motion to Amend Final Judgment ("Response to Motion") (docket entry 134).  Craig did not

---

[1](...continued)
Riley FBR, Inc. ("FBR").  *See* Plaintiff's Complaint.  The court granted the defendants' motion for summary judgment with respect to all of Craig's claims against FBR on November 23, 2020.  *See* Memorandum Opinion and Order (docket entry 70).

file a reply in support of his motion to amend final judgment.  Craig's motion to amend final judgment is therefore fully briefed and ripe for determination.

## II.  ANALYSIS

### A.  Legal Standard on Motion to Amend Final Judgment

Federal Rule of Civil Procedure 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  "The court may do so on motion or on its own, with or without notice."  *Id*.

The Fifth Circuit has held that, "[t]o be correctable under Rule 60(a), the 'mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'"  *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984) (per curiam) (quoting *Dura-Wood Treating Company v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)).  "Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope[,]" while "missteps involving substantive legal reasoning are not."  *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (citations omitted), *cert. denied*, 565 U.S. 1259 (2012).  "For example, Rule 60(a) allows a district court to amend its judgment to modify a jury's damages award where the jury has committed a simple mathematical error while computing the damages."  *Id*. (citing *United States ex rel. Mississippi Road*

*Supply Co. v. H.R. Morgan, Inc.*, 542 F.2d 262, 269 (5th Cir. 1976), *cert. denied*, 434

U.S. 828 (1977)).  "But a district court cannot rely on Rule 60(a) to amend a

judgment that awards specific performance so that it instead awards both specific

performance and money damages."  *Id*. (citing *Trahan v. First National Bank of Ruston*,

720 F.2d 832, 833-34 (5th Cir. 1983)).  "In short, '[a] Rule 60(a) motion can only

be used to make the judgment or record speak the truth and cannot be used to make

it say something other than what originally was pronounced.'"  *Id*. (quoting *In re*

*Galiardi*, 745 F.2d at 337); see also *id*. at 194-95 (quoting *In re West Texas Marketing*

*Corp*., 12 F.3d 497, 504 (5th Cir. 1994)) ("Rule 60(a) authorizes a district court to

modify a judgment so that the judgment reflects the 'necessary implications of the

court's decision[.]'").  "The scope of Rule 60(a) is . . . very limited."  *Harcon Barge*

*Co., Inc. v. D & G Boat Rentals, Inc*., 784 F.2d 665, 668 (5th Cir.) (en banc), *cert.*

*denied sub nom*., 479 U.S. 930 (1986).

The Fifth Circuit has further held that "[a] district court's authority under

Rule 60(a) is also limited to making corrections that are consistent with the court's

intent at the time it entered the judgment."  *Rivera*, 647 F.3d at 195 (citations

omitted).  "Rule 60(a) does not 'provide for the correction of the deliberate choice of

the district judge,'" *id*. at 195-96 (quoting *Bowen Investment, Inc. v. Carneiro Donuts,*

*Inc*., 490 F.3d 27, 29 (1st Cir. 2007)), "even where that deliberate choice is based on

a mistake of law."  *Id*. at 196 (citations omitted).  "Rather, 'Rule 60(a) finds

application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another.'" *Id.* (quoting *Dura-Wood Treating Co.*, 694 F.2d at 114).

Separately, Federal Rule of Civil Procedure 59(e) applies to "motion[s] to alter or amend a judgment" and provides that such motions "must be filed no later than 28 days after the entry of the judgment." "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Equal Employment Opportunity Commission v. Methodist Hospitals of Dallas*, No. 3:15-CV-3104-G, 2017 WL 930923, at *1 (N.D. Tex. Mar. 9, 2017) (Fish, J.) (quoting *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Importantly, a 'Rule 59(e) motion is not proper to relitigate matters that have been resolved to the movant's dissatisfaction' and a party cannot attempt to obtain a 'second bite at the apple' on issues that were previously addressed by the parties and the court." *Id.* (quoting *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005), *rev'd on other grounds*, 492 F.3d 605 (5th Cir. 2007)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004)). "Indeed, the remedy is so extraordinary that

- 5 -

the standard under Rule 59(e) favors denial of motions to alter or amend a judgment." *Berry v. Indianapolis Life Insurance Company*, No. 3:08-CV-0248-B, 2009 WL 1979262, at *1 (N.D. Tex. July 8, 2009) (Boyle, J.) (internal quotations and citations omitted). "The decision to alter or amend the judgment under Rule 59(e) is within the district court's discretion." *Centerboard Securities, LLC v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2017 WL 1091599, at *1 (N.D. Tex. Mar. 23, 2017) (Fish, J.) (citing *Stroman v. Thaler*, No. 3:05-CV-1616-D, 2009 WL 3295128, at *1 (N.D. Tex. Oct. 9, 2009) (Fitzwater, C.J.) (citations omitted), *aff'd*, 730 Fed. Appx. 179 (5th Cir. 2018).

### B.  Applicable Federal Rule of Civil Procedure

To begin, the court turns to the question of whether Federal Rule of Civil Procedure 60(a) or Federal Rule of Civil Procedure 59(e) governs Craig's requests for the court to amend its final judgment with respect to post-judgment and pre-judgment interest.

First, Craig avers that Federal Rule of Civil Procedure 60(a) "applies to Plaintiff's request that this Court modify its Final Judgment to specify the type of interest and the applicable post-judgment interest rate." Motion to Amend Final Judgment at 2. In support of this averment, Craig asserts that, while "the Final Judgment does not specify either the type of interest or the applicable interest rate[,] [t]his Court clearly intended to award Plaintiff interest, so granting this motion

- 6 -

would not require this Court to 'adjudicate an issue it has not previously reached' or 'to make a substantive modification to a prior adjudication.'" *Id*. at 2-3 (quoting *Rivera*, 647 F.3d at 199). Craig relatedly argues that "granting this motion 'merely perform[s] the clerical task of conforming the judgment to what the court had actually decided when making its findings.'" *Id*. at 3 (alteration in original) (quoting *Rivera*, 647 F.3d at 199). Second, Craig avers that "Rule 59(e) applies to Plaintiff's request that this Court modify its Final Judgment to include an award for prejudgment interest." *Id*. Craig specifically contends that "Plaintiff consistently prayed for prejudgment interest in his pleadings, but prejudgment interest was not explicitly awarded in the Final Judgment." *Id*. Craig asserts that "this correction requires this Court 'to resolve an issue of substantive law it ha[s] not previously reached[,]'" and, as such, "the appropriate vehicle for moving to amend the Final Judgment is Rule 59(e)." *Id*. (alterations in original) (quoting *Rivera*, 647 F.3d at 199). In addition, Craig avers that "this Motion is timely because Rule 59(e) allows a party to file a motion to alter or amend no later than 28 days after the entry of the judgment, which was entered on November 1, 2021." *Id*. at 4 (citing FED. R. CIV. P. 59(e)).

GACP II does not address the applicability of Federal Rule of Civil Procedure 60(a) or Federal Rule of Civil Procedure 59(e) to Craig's requests regarding post-judgment and pre-judgment interest. *See generally* Response to Motion.

Having considered the relevant case law, as well as the final judgment in this case, the court concludes that Rule 60(a) applies to Craig's requests for the court to amend its final judgment with respect to post-judgment and pre-judgment interest.

As the Fifth Circuit has held, "any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, *other than a motion to correct purely clerical errors covered by Rule 60(a)*, is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed. R. App. P. 4(a)(4)." *Harcon Barge Co.*, 784 F.2d at 667 (emphasis added). "If a motion falls within the scope of Rule 59(e), and it is timely served within ten days after entry of judgment as that rule requires, then the court must consider it as a Rule 59(e) motion for the purposes of Fed. R. App. P. 4(a)(4), regardless of how it is styled." *Id.* at 668. "The only qualification to this rule is that, even when made within the ten-day period, so important to Rule 59(e), a motion seeking to correct purely clerical errors and mistakes is a Rule 60(a) motion[.]" *Id.*

Here, in the final judgment entered in this case on November 1, 2021, the court wrote that, "[p]ursuant to the jury's allocation of responsibility, Craig shall recover $335,000 from GACP II, *with interest at the legal rate*, and all costs of court, for which execution may issue if not timely paid." Final Judgment at 2 (emphasis added). While this final judgment confirms that Craig is to receive "interest at the legal rate," it omits guidance as to the type of interest to which Craig is entitled and

- 8 -

the rate at which such interest is to be calculated. *Id.* This omission falls "within Rule 60(a)'s scope[,]" given that Federal Rule of Civil Procedure 60(a) may be used to address "[c]lerical mistakes, inaccuracies of transcription, *inadvertent omissions*, and errors in mathematical calculation[.]" *Rivera*, 647 F.3d at 194 (emphasis added) (citing *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998)). Consequently, "Rule 60(a) authorizes [this] district court to modify [its] judgment so that the judgment reflects the 'necessary implications of the court's decision[]'" with respect to the type of interest and interest rate to which Craig is entitled. *Id.* at 194-95 (quoting *In re West Texas Marketing Corp.*, 12 F.3d at 504).

With respect to Craig's averment that Federal Rule of Civil Procedure 59(e) applies to his pre-judgment interest-related request, *see* Motion to Amend Final Judgment at 3-4, the court notes the Fifth Circuit's discussion of "the distinction between a correction to a judgment that is authorized by Rule 60(a) even though it has significant consequences for the parties and a correction the Rule does not authorize because it impermissibly affects the parties' substantial rights." *Rivera*, 647 F.3d at 199. Reviewing its decision in *Rutherford v. Harris County*, 197 F.3d 173 (5th Cir. 1999), the Fifth Circuit concluded that, "[b]ecause the original findings and conclusions" that were entered in *Rutherford* "did not include a finding that the plaintiff was entitled to back pay or prejudgment interest, the failure to include those awards in the original judgment was an 'error in substantive judgment that is outside

the reach of Rule 60(a).'" *Rivera*, 647 F.3d at 199-200 (quoting *Rutherford*, 197 F.3d at 190).

In contrast to *Rutherford*, the court's final judgment in this case "did . . . include a finding that the plaintiff [is] entitled to . . . interest," *id*. (citing *Rutherford*, 197 F.3d at 190), by confirming that Craig is entitled to "interest at the legal rate[.]" Final Judgment at 2.  What the court's final judgment omits is guidance as to the type of "interest" to which Craig is entitled, as well as what "the legal rate[]" for that interest may be.  *Id*.  Therefore, to "reflect[] the 'necessary implications of the court's decision[]'" and guide the parties as to the interest to which Craig is entitled, the court applies Rule 60(a) to both of Craig's requests for the court to amend its final judgment with respect to post-judgment and pre-judgment interest.  *Rivera*, 647 F.3d at 194-95 (quoting *In re West Texas Marketing Corp*., 12 F.3d at 504).[2]

---

[2]  The court notes the Fifth Circuit's statement that, "in *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976), we refused to treat even the amount of interest to be paid on a judgment as a clerical error." *Hendrick v. Avent*, 891 F.2d 583, 588 (5th Cir.), *cert. denied*, 498 U.S. 819 (1990).  In *Warner*, the Fifth Circuit considered a motion "for a leave to amend the judgment pursuant to Rule 60(a) of Fed. R. Civ. P. increasing the rate of interest to 8%."  526 F.2d at 1211.  After discussing Rule 60(a), the Fifth Circuit concluded that, "where the judgment states *the amount* of interest intended by the district court, relief is not available under Rule 60(a)."  *Id*. at 1212 (emphasis added).  In contrast to *Warner*, the court's final judgment in this case did not "state[] the amount of interest intended by the district court[.]"  *Id*.; *see* Final Judgment at 2.  Rather, the court's final judgment in this case indicated that Craig is entitled to "interest at the legal rate[]" without confirming the type, or amount of, interest in question.  Final Judgment at 2.  Therefore, the court concludes that *Warner* does not preclude the application of Rule 60(a) in this case.

(continued...)

- 10 -

C.  Post-Judgment Interest

Next, the court considers Craig's request for it to "modify its Final Judgment to specify the type of interest and the applicable post-judgment interest rate." Motion to Amend Final Judgment at 2.

Craig contends that, "[b]ecause this Court had diversity of citizenship jurisdiction, the applicable 'post-judgment interest rate is calculated at the federal rate[.]'" *Id.* at 3 (alteration in original) (quoting *Boston Old Colony Insurance Co. v. Tiner Associates Inc.*, 288 F.3d 222, 234 (5th Cir. 2002)).  Craig avers that "[t]he federal interest rate for the week of judgment [sic] is 0.14%, which is compounded annually." *Id.* (citation omitted).  Craig consequently "requests that this Court amend its Final Judgment to specify the type of interest and the applicable post-judgment interest rate of 0.14% to be compounded annually." *Id.*

In response, GACP II avers that "postjudgment interest is correctly calculated as simple interest under Texas law."  Response to Motion at 1.  GACP II also states that it "does not object to [Craig's] request for postjudgment interest[.]" *Id.*

Having considered the parties' arguments, as well as the relevant case law, the court grants Craig's motion to amend final judgment with respect to post-judgment

---

²(...continued)
This conclusion is supported by the Fifth Circuit contrasting the situation before it in *Warner* with "a case where the court sought to *make more specific its order allowing interest*[,]" which is the purpose of this order. *Warner*, 526 F.2d at 1212 (emphasis added) (citing *United States v. Kenner*, 455 F.2d 1 (7th Cir. 1972)).

interest.  The court's final judgment in this case will be amended to specify that Craig is entitled to post-judgment interest, calculated at the applicable federal rate from the date that judgment was entered and compounded annually.

"Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law." *Boston Old Colony Insurance Co.*, 288 F.3d at 234 (citing *Nissho-Iwai Co. v. Occidental Crude Sales*, 848 F.2d 613 (5th Cir. 1988)); see also *Real Advantage Title Insurance Company v. Sims*, No. 3:20-CV-3719-L, 2022 WL 658559, at *3 (N.D. Tex. Mar. 4, 2022) (Lindsay, J.) (quoting *Travelers Insurance Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993)) ("With respect to an award of postjudgment interest, federal law applies on 'any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship.'").  "28 U.S.C. § 1961(a) . . . sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment." *Halff Associates, Inc. v. Warner Pacific Properties, LLC*, No. 3:08-CV-0574-B, 2008 WL 3874673, at *3 (N.D. Tex. Aug. 13, 2008) (Boyle, J.).  "Post-judgment interest accrues daily until payment and compounds annually." *Kennolyn Camp v. Wilson*, No. 4:16-CV-00163-ALM-CAN, 2017 WL 933129, at *2 n.6 (E.D. Tex. Feb. 17, 2017) (citing 28 U.S.C. § 1961(b)), *report and rec. adopted sub nom.*, *Camp v. Wilson*, No. 4:16-CV-0163, 2017 WL 916408 (E.D. Tex. Mar. 8, 2017).

Here, the court had diversity jurisdiction over this case.  Judgment was entered

on November 1, 2021, and the applicable federal rate equals 0.14%.[3]  *See* Final

Judgment at 2.  Therefore, the court shall amend its final judgment to specify that

Craig is entitled to post-judgment interest that is "calculated at the date of the entry

of judgment[,]" November 1, 2021, at the applicable federal rate of 0.14% and

compounded annually.  *Halff Associates, Inc.*, 2008 WL 3874673, at *3.

### D.  Pre-Judgment Interest

Finally, the court considers Craig's request for it to "modify its Final Judgment

to include an award for prejudgment interest."  Motion to Amend Final Judgment at

3.

Craig asserts that he "is entitled to prejudgment interest[,]" *id.* at 4, and that,

"under Texas law, Plaintiff may recover prejudgment interest where an award is based

on *quantum meruit*."  *Id.* at 7 (citation omitted).  Craig specifically argues that, "under

equitable principles, [he] is entitled to 'additional damages for lost use of the money

due as damages during the lapse of time between the accrual of the claim and the

date of judgment.'"  *Id.* at 8 (quoting *Cavnar v. Quality Control Parking, Inc.*, 696

S.W.2d 549, 552 (Tex. 1985), *superseded in part by statute*, Act of June 3, 1987, 70th

Leg., 1st C. S., ch. 3, § 1, 1987 Tex. Gen. Laws 51, 51-52, as recognized in *Johnson* &

---

[3]       *See* Post-Judgment Rates, Northern District of Texas Website,
https://www.txnd.uscourts.gov/post-judgment-rates (last visited May 6, 2022).

*Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528-33 (Tex. 1998), and

*C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 327 (Tex. 1994)).  Craig also

contends that "prejudgment interest is necessary to fully compensate Plaintiff."  *Id.* at

6 (internal quotations and citation omitted).  In support of this contention, Craig

avers that he "performed compensable work for Defendant as early as June 8, 2018,"

and that "prejudgment interest is . . . recoverable[]" because "[a]t th[at] time, his

damages became definitely determinable[.]"  *Id.* (internal quotations and citations

omitted).  Craig further asserts that, "[d]uring the time between Plaintiff's

performance of the work and the Final Judgment entered in this case, Defendant

benefitted from holding onto money it owed to Plaintiff[,]" and that "[a] failure to

award equitable prejudgment interest would result in unjust enrichment because it

would allow Defendant . . . to profit from its possession of the sum it owed to

Plaintiff for the compensable work Plaintiff performed for Defendant."  *Id.* at 6-7

(internal quotations and citations omitted).  Craig avers that he "consistently

included a prayer for prejudgment interest in his pleadings, so Defendant had

sufficient notice of such claim."  *Id.* at 8 (citation omitted).

    In addition, Craig argues that GACP II "received written notice of a claim

when a demand letter was sent in July of 2018, as testified by Eric Rosiak at trial[,]"

and that "Plaintiff's suit was initially filed on January 8, 2019."  *Id.* at 7 (citation

omitted).  Craig asserts that, "[u]nder Texas law, prejudgment interest begins to

accrue on the earlier of these two dates and compounds daily." *Id*. (internal quotations and citations omitted). Craig also avers that, "[u]nder Subchapter B, the prejudgment interest rate is equal to the applicable post-judgment interest rate which . . . is 0.14% compounded daily beginning on the date of judgment." *Id*. (citation omitted). Craig contends that, "[a]ccordingly, prejudgment interest began accruing on January 8, 2019, at a rate of 0.14%, and should be compounded daily from that date until the day of the Final Judgment is entered [sic]." *Id*.

In response, GACP II argues that Craig's "request for prejudgment interest is due to be rejected to the extent it requests that such interest accrue as of January 8, 2019 [sic] and be compounded daily." Response to Motion at 1. While GACP II states that it "does not object . . . to Plaintiff's requested rate of 0.14% for prejudgment interest[,]" it does aver that, "under Texas law, prejudgment interest on Plaintiff's *quantum meruit* claim did not begin to accrue until he experienced a loss." *Id*. (citation omitted). In support of this averment, GACP II contends that Craig's "own testimony establishes that he did not expect to be paid until two to three years after GACP II Investor No. 1 committed to GACP II[,]" and that he "committed to this timeframe for any payout from GACP II both in his deposition and at trial[.]" *Id*. at 2 (citation omitted). "[B]ased solely on Plaintiff's testimony," GACP II asserts, "the earliest date of the loss from which prejudgment interest should accrue is April 24, 2020." *Id*. (internal quotations omitted). Further, with respect to "Plaintiff's

request that prejudgment interest be compounded daily[,]" GACP II argues that
"[t]he *Cavnar* case Plaintiff cites in support of this request was expressly overruled on
this ground in *Johnson & Higgins of Tex[as], Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d
507 (Tex. 1998) (superseded by statute on other grounds)." *Id.* at 3. GACP II
contends that, "[u]nder black letter Texas law, prejudgment interest is computed as
simple interest and is not compounded." *Id.* Finally, GACP II "requests that the
award of prejudgment interest to Plaintiff be calculated as simple interest at a rate of
0.14% beginning on April 24, 2020." *Id.*

Having considered the parties' arguments, as well as relevant statutes and case
law, the court grants in part and denies in part Craig's motion to amend the final
judgment with respect to pre-judgment interest. More specifically, the court
concludes that Craig is entitled to pre-judgment interest, and that such interest will
be calculated as simple interest and accrue from January 8, 2019, to the date of final
judgment at a rate of 5%.

In contrast to post-judgment interest, "[s]tate law governs the award of
prejudgment interest in diversity cases." *Meaux Surface Protection, Inc. v. Fogleman*, 607
F.3d 161, 172 (5th Cir. 2010) (quoting *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir.
1994)). "Under Texas law, there are two legal sources for an award of prejudgment
interest:  (1) general principle of equity, and (2) an enabling statute." *Kona
Technology Corp. v. Southern Pacific Transportation Co.*, 225 F.3d 595, 613 (5th Cir.

2000) (citations omitted).  "In the absence of a statutory right to prejudgment interest, Texas law allows for an award of equitable prejudgment interest under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex. 1985)."[4]   *Meaux Surface Protection, Inc.*, 607 F.3d at 172 (quoting *Bituminous Casualty Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996)).  "Under this standard, 'an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances.'"  *Id.* (quoting *Bituminous Casualty Corp.*, 75 F.3d at 1057). In addition, "[i]t is well settled . . . that [p]rejudgment interest is recoverable in a suit on *quantum meruit*."  *CB Legal Search, LLC v. Lewis Brisbois Bisgaard & Smith L.L.P.*, No. CV 4:09-3130, 2011 WL 13205933, at *3 (S.D. Tex. Apr. 8, 2011) (alteration in original) (internal quotations and citations omitted); see also *J.D. Fields & Company, Inc. v. North American Fabricators, L.L.C.*, No. CV H-15-317, 2016 WL 7912455, at *13 (S.D. Tex. Nov. 7, 2016) (citation omitted) ("A party who recovers in *quantum meruit* may be awarded prejudgment interest commencing from the date of loss.").

Here, neither party discusses, and the court is unable to identify, any "exceptional circumstances" that apply to this case so as to prevent "an equitable award of prejudgment interest" being granted to Craig.  *Meaux Surface Protection, Inc.*,

---

[4]        "Texas Finance Code § 304.104 . . . only applies to cases involving wrongful death, personal injury, or property damage."  *Meaux Surface Protection, Inc.*, 607 F.3d at 172 n.4 (citing TEX. FIN. CODE ANN. § 304.101).

607 F.3d at 172 (quoting *Bituminous Casualty Corp.*, 75 F.3d at 1057).  Therefore, the court concludes that Craig is entitled to a pre-judgment interest.

Turning to the details of this pre-judgment interest, the court considers the date from which pre-judgment interest should begin to accrue.  In *United States for Use & Benefit of Lochridge-Priest, Inc. v. Con-Real Support Group, Inc.*, 950 F.2d 284 (5th Cir. 1992), the Fifth Circuit observed that "Texas law allows a court to award prejudgment interest on a recovery in *quantum meruit* if the measure of the recovery was 'established as of a definite time' and the amount of the recovery 'definitely determinable' by a court under the rules of evidence and by reference to known standards of value.  *Id.* at 289 (quoting *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 95-96 (Tex. 1976), overruled on other grounds by *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex. 1989)).  The Fifth Circuit also noted that such "interest commences from the date of the loss."  *Id.* (citing *Black Lake Pipe*, 538 S.W.2d at 96).

Six years after *United States for Use & Benefit of Lochridge-Priest, Inc.*, the Supreme Court of Texas considered the Texas legislature's approach to calculating the accrual period for statutory pre-judgment interest and determined that it would "adopt the Legislature's approach to prejudgment interest and hold that, *under the common law*, prejudgment interest begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed."

*Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 531 (emphasis added) (citation

omitted).  The Fifth Circuit has subsequently concluded that "[t]he *Johnson & Higgins*

court reasoned that adoption of the Legislature's approach for *all common law claims*

would ensure symmetry in the accrual period for prejudgment interest and the

calculation of prejudgment interest." *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410,

414 (5th Cir. 2011) (emphasis added) (citing *Johnson & Higgins of Texas, Inc.*, 962

S.W.2d at 533).  Other courts that have since considered *quantum meruit* claims and

potential awards of pre-judgment interest have looked to the dates mentioned in

*Johnson & Higgins of Texas, Inc*. to determine the accrual period for such interest.  See,

*e.g.*, *Texas Drain Technologies, Inc. v. Centennial Contractors Enterprises, Inc*., No.

4:14-CV-03298, 2017 WL 7688728, at *7 (S.D. Tex. July 18, 2017) (citation

omitted) ("Under the common law, prejudgment interest begins to accrue on the

earlier of (1) 180 days after the date a defendant receives written notice of a claim or;

(2) the date the suit is filed. . . . Here, because suit was filed on October 15, 2014,

TDT is entitled to pre judgment interest on the amount awarded by the jury on the

breach of contract, promissory estoppel and *quantum meruit* claims . . . at a rate of 5%

from October 15, 2014 to the date judgment is entered."); *J.D. Fields & Co., Inc*.,

2016 WL 7912455, at *14 (citations omitted) (noting that, "[u]nder Texas common

law, prejudgment interest begins to accrue on the earlier of (1) 180 days after the

date the defendant receives a written notice of a claim, or (2) the date suit is filed,

and is computed as simple interest[,]" and concluding that the "Plaintiff is entitled to prejudgment interest under Texas law[,] [and] [s]uch interest will accrue from the date of February 4, 2015, the date that Plaintiff filed this suit, at the legal rate of five percent . . . per year."); *see also CWTM Corp. v. AM General L.L.C.*, No. CIV.A. H-04-2857, 2006 WL 1804622, at *9 (S.D. Tex. June 28, 2006) ("Plaintiff is entitled to recover from AM General prejudgment interest on the *quantum meruit* sum of $300,000, from May 30, 2002, the date that Plaintiff filed this case, to the date of judgment.").

Consequently, the court concludes that pre-judgment interest in this case should "begin[] to accrue on the earlier of (1) 180 days after the date [GACP II] receive[d] written notice of a claim or (2) the date suit [was] filed." *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 531 (citation omitted).  Craig filed suit on January 8, 2019, *see* Plaintiff's Complaint, and avers that GACP II "received written notice of a claim when a demand letter was sent in July of 2018, as testified by Eric Rosiak at trial."  Motion to Amend Final Judgment at 7.  Craig also contends that his "right to payment for his compensable work became due on July 31, 2018, when Defendant first received notice of Plaintiff's right to repayment[.]"  *Id*.  However, in his complaint, Craig asserted that, "[o]n July 17, 2018, Petitioner notified . . . GACP II via email and letter of Petitioner's investigation of his potential claim or lawsuit that he may have against . . . GACP II[.]"  Plaintiff's Complaint ¶ 29.  GACP II

"admit[ted] that Plaintiff sent a letter to Defendant[] on July 17, 2018."  Answer (docket entry 9) ¶ 29.  Using this date, the "earlier" of the two dates upon which pre-judgment interest could "begin[] to accrue" is January 8, 2019.  *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 531 (citation omitted).  Therefore, the court concludes that Craig is entitled to recover pre-judgment interest from January 8, 2019, to the date of final judgment.

Finally, with regard to the rate at which pre-judgment interest should accrue in this case, Craig avers that "the prejudgment interest rate is equal to the applicable post-judgment interest rate which, as discussed herein, is 0.14% compounded daily beginning on the date of the judgment."  Motion to Amend Final Judgment at 7 (citations omitted).  While "GACP II does not object to . . . Plaintiff's requested rate of 0.14% for prejudgment interest[,]" Response to Motion at 1, the court notes that, "[u]nder Texas common law, 'prejudgment interest accrues at the rate for postjudgment interest.'" *J.D. Fields & Co., Inc.*, 2016 WL 7912455, at *13 (quoting *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 531).  "The rate of postjudgment interest is determined by the Consumer Credit Commissioner in accordance with TEX. FIN. CODE ANN. § 304.003." *Id.*  "In relevant part, the applicable statute sets postjudgment interest at either 'the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation' or 'five percent a year if the prime rate as published by the Board of Governors . . . is less than five

percent.'" *Arete Partners, L.P.*, 643 F.3d at 415 (quoting TEX. FIN. CODE ANN.

§ 304.003(c)(1)-(2)).  "This provision sets a floor interest rate of five percent on

postjudgment interest, . . . which correspondingly sets a five percent floor on

prejudgment interest[.]"  *Id.* (internal quotations and citations omitted).  The current

prime rate is 4%.[5]  Therefore, the court applies a 5% pre-judgment interest rate in

this case.[6]

### III.  CONCLUSION

For the reasons stated above, Craig's motion to amend final judgment is

**GRANTED** in part and **DENIED** in part.  An amended final judgment will be

entered separately in this case.

---

[5]       *See* Selected Interest Rates (Daily) – H.15, Board of Governors of the
Federal Reserve System, https://www.federalreserve.gov/releases/h15/ (last visited May
24, 2022).

[6]       As GACP II correctly notes, the Supreme Court of Texas has "h[eld]
that equitable prejudgment interest shall be computed as simple interest."  *Johnson &
Higgins of Texas, Inc.*, 962 S.W.2d at 532; see *Arete Partners, L.P.*, 643 F.3d at 415
(alteration in original) (quoting *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 532)
(stating that, "under Texas law, whether entitlement to prejudgment interest
is derived from statute or, as in this case, equity, 'prejudgment interest accrues at the
rate for postjudgment interest and [is] computed as simple interest.'").  Therefore,
the court concludes that pre-judgment interest in this case will be calculated as
simple, rather than compounded, interest.  See *Thompson Company, Inc. v. Paris Lakes
Medical Assets, LLC*, No. 4:20-CV-390, 2021 WL 6063605, at *7 (E.D. Tex. Dec. 22,
2021) (citing TEX. FIN. CODE ANN. §§ 304.003(c), 304.103, 304.104) (concluding, in
"a diversity case applying Texas law," that "[t]he appropriate pre-judgment interest
rate is 5% and is calculated as simple, not compounding, interest.").

**SO ORDERED**.

June 1, 2022.

_A. Joe Fish_

A. JOE FISH
Senior United States District Judge